IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BRITTANY M. HARLESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 6:11CV00024 |
| v. | ) |
| | ) |
| CENTRA HEALTH, INC., | ) |
| VIRGINIA BAPTIST HOSPITAL, | ) |
| BRENDA M. YOUNG, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Comes now your plaintiff and for her Complaint alleges as follows:

**JURISDICTION:**

1. Brittany M. Harless is a citizen and resident of the State of West Virginia.

2. Centra Health, Inc. and Virginia Baptist Hospital are corporation(s) which were incorporated in and have their principal place of business in a State other than the State of West Virginia.

3. Brenda M. Young is a citizen and resident of the State of Virginia.

4. As a result, there is complete diversity of citizenship between the parties of this action.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has original jurisdiction over this action pursuant to the diversity of citizenship of the parties under 28 U.S.C. Section 1332.

7. This action was timely filed in the Lynchburg Circuit Court and was non-suited by order of the state court dated February 22, 2011 (a copy of which is attached hereto) and is timely refiled by virtue of this filing.

1

## FACTS AND ALLEGATIONS:

8. On or about September 11, 2007, Brittany M. Harless was admitted as a patient at the Virginia Baptist Hospital (Hospital) in Lynchburg, Virginia suffering from very severe abdominal pains, probably caused by gastroenteritis and/or Crohn's disease.

9. At all times material herein, Virginia Baptist Hospital was a hospital owned and operated by Centra Health, Inc. that provided hospital services, including professional nursing services, to members of the general public who were ill and needed such services.

10. At the time of her admission to the Hospital, the plaintiff's admitting physician directed that Ms. Harless be placed on a central venous line (CVL) which was inserted into her right internal jugular (RIJ) vein which would allow for easy and convenient introduction of medication into her body.

11. Ms. Harless remained a patient at the Hospital until September 19, 2007 at which time her abdominal pains and conditions had sufficiently improved that her physician decided that she was ready for discharge from the Hospital.

12. At the said time and place, Ms. Harless' physician directed that the nurses on duty at the Hospital at that time disconnect plaintiff's CVL so that Ms. Harless be discharged home.

13. At the said time and place, it is believed and alleged that Nurses Brenda M. Young and/or Cynthia L. Abbott were on duty at the Hospital and, as part of their duties at that time, were instructed, allowed or permitted by the Hospital to provide professional nursing services to plaintiff, including the removal of plaintiff's CVL line.

14. Upon information and belief, it is alleged that Nurse Cynthia L. Abbott and/or other nurses employed by the Hospital and/or Centra Health, Inc. may have assisted Nurse Young to remove and/or directed and/or supervised the removal of plaintiff's CVL line at the time and place set forth above.

2

15. At all times material herein, Nurses Brenda Young, Cynthia Abbott and/or other nurses attending to plaintiff at that time (hereinafter collectively referred to as the "Nurses") were employed by the Hospital and/or Centra Health Inc. to provide, were providing and had a duty to provide professional nursing services to plaintiff, including a duty to remove plaintiff's CVL line in a reasonably prudent manner consistent with the standard of care utilized by reasonably prudent nurses under similar circumstances.

16. With regard to the removal of plaintiff's CVL line, the Nurses failed to exercise proper and reasonable care in the manner and methods that they employed to remove the plaintiffs' CVL, failed to advise and instruct plaintiff in the proper precautions and care to be used to protect the insertion site/wound from air or water infiltration after removal to avoid air embolisms and the Nurses were not properly trained and qualified by the Hospital and/or Centra Health, Inc. to remove the CVL and properly advise plaintiff of the proper after-care of the wound site.

17. In removing the said CVL line, the Nurses breached the proper standard of care normally exercised by prudent nurses removing a CVL line.

18. As a result of the foregoing, the Nurses breached those legal duties of care that they owed to plaintiff.

19. As a proximate result of the said breaches of care by the Nurses in the removing the CVL line, the plaintiff immediately developed a venous air embolism.

20. As a result of this embolism, the plaintiff immediately experienced severe chest pain, was unable to breathe and passed out from lack of oxygen suffering a near-death experience.

21. One or more CNA's at the Hospital noticed that plaintiff had passed out, called Nurse Young, who, in turn called a physician.

22. The plaintiff was promptly transferred by her physician to the Intensive Care Unit at Lynchburg General Hospital, also owned and operated by Centra Health, Inc. where she was diagnosed and treated for the air embolism injury.

23. Plaintiff's air embolism injury exhibited recurring symptoms over the next few days.

24. As a result of several near-death episodes while in the care of the corporate defendants, the plaintiff requested and was transferred to the University of Virginia.

25. From the time of her initial emboli injury, the plaintiff experienced and continues to suffer from intense physical pain and from severe emotional anxiety directly caused by the said injury, her near-death experiences, the various hospitalizations and the numerous physical and emotional traumas associated therewith.

26. The plaintiff has been diagnosed as sustaining a post-traumatic shock syndrome directly caused by the said embolism injury and the resulting hospitalizations and traumas.

27. At all times material herein, the Nurses were providing professional nursing services to plaintiff under the employment, supervision, guidance and responsibility of the defendants, Centra Health, Inc. and/or the Hospital.

28. Under the doctrine of respondeat superior, the corporate defendants herein were and are legally liable to plaintiff on account of her aforesaid injuries proximately caused by the breach of duties by their employees which occurred during a time the Nurses were employed by and acting within the scope of their employment with the corporate defendants.

29. In addition, the corporate defendants failed to properly instruct and train the said Nurses in the proper techniques, procedures and precautions to be employed in the removal of a CVL, failed to oversee and ensure the Nurses' compliance with proper

standards and failed to oversee and ensure that qualified nurses removed plaintiff's CVL line in a proper manner with appropriate, follow-up care instructions and supervision.

30. As a result of the individual and corporate defendants' aforesaid acts of negligence and breach of duties, the plaintiff suffered a severe lung and cardiac injury in the Hospital immediately prior to her proposed discharge on September 19, 2007; the emboli injury caused her to experience numerous near-death episodes, caused her to endure numerous hospitalizations seeking to treat the injury, caused her to incur significant medical expenses, past, present and future, caused her to suffer severe physical and emotional injury, past, present and future, caused her to suffer a lessening of her work capacity and has and will cause her to experience physical and emotional pain and suffering in the past, present and future

**PRAYER FOR RELIEF:**

WHEREFORE, plaintiff moves the Court for entry of a judgment against the individual and corporate defendants, jointly and/or severally, in the amount of One Million Dollars ($1,000,000.00) or that amount deemed proper by the trier of fact, for a trial by jury on all issues so triable, for her costs and expenses incurred in bringing this action and for such other and further relief as the Court deems proper. Plaintiff requests trial by jury.

BRITTANY M. HARLESS

By: *[signature: Sid Kirstein]*
Of Counsel

Sidney H. Kirstein
819 Main Street
P. O. Box 8
Lynchburg, VA  24505
(434) 846-6868
(434) 846-6870 (Fax)
VSB # 18471
Counsel for Plaintiff

VIRGINIA: 0738

IN THE LYNCHBURG CIRCUIT COURT

BRITTANY M. HARLESS, )
)
    Plaintiff, )
)
v. )
) CL09004039-00
CENTRA HEALTH, INC., )
VIRGINIA BAPTIST HOSPITAL, )
BRENDA M. YOUNG, )
)
    Defendants. )
)

## ORDER OF NON-SUIT

Upon motion of plaintiff advising the Court that plaintiff desires to take a non-suit of her current lawsuit against these defendants, IT IS HEREBY ADJUDGED, ORDERED and DECREED that plaintiff's action is hereby voluntarily non-suited against defendants under Code Section 8.01-380 with leave to plaintiff to reinstate the same upon timely refiling of the appropriate pleadings. The Clerk is directed to forward a certified copy of this Order to all counsel of record.

ENTER: 2/22/11

_____
JUDGE

I ASK FOR THIS:                                                                      0739

_____, p.q.
Sidney H. Kirstein

SEEN:

_____, p.d.
L. Thompson Hanes

A Copy, Teste:
Eugene C. Wingfield, Clerk
By: _____ Deputy Clerk