IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

BRITTANY M. HARLESS, :
:
:
:
    Plaintiff, :
:
v. : Civil Action No. 6:11CV00024
:
CENTRA HEALTH, INC., :
VIRGINIA BAPTIST HOSPITAL, :
BRENDA M. YOUNG, :
:
    Defendants. :
:

## ANSWER OF DEFENDANTS

COME NOW defendants Centra Health, Inc., Virginia Baptist Hospital and Brenda M. Young (hereinafter "defendants"), by counsel, and file this as their Answer to the plaintiff's Complaint and in support thereof state as follows:

1. The allegations contained in Paragraph 1 of the plaintiff's Complaint are admitted.

2. The allegations contained in Paragraph 2 of the plaintiff's Complaint are admitted.

3. The allegations contained in Paragraph 3 of the plaintiff's Complaint are admitted.

4. The allegations contained in Paragraph 4 of the plaintiff's Complaint are admitted.

5. The allegations contained in Paragraph 5 of the plaintiff's Complaint are admitted.

6. The allegations contained in Paragraph 6 of the plaintiff's Complaint are admitted.

7. The allegations contained in Paragraph 7 of the plaintiff's Complaint are admitted.

8. The allegations contained in Paragraph 8 of the plaintiff's Complaint are admitted.

9. The allegations contained in Paragraph 9 of the plaintiff's Complaint are admitted.

10. The allegations contained in Paragraph 10 of the plaintiff's Complaint are admitted.

11. The allegations contained in Paragraph 11 of the plaintiff's Complaint are admitted.

12. The allegations contained in Paragraph 12 of the plaintiff's Complaint are admitted to the extent that they are consistent with the pertinent medical records documenting Ms. Harless' admission..

13. In response to Paragraph 13 of the plaintiff's Complaint it is admitted that on September 19, 2007 Brenda M. Young removed plaintiff's central venous line but denied that Cynthia L. Abbott took part in its removal.

14. In response to Paragraph 14 of the plaintiff's Complaint it is denied that Cynthia L. Abbott and/or other nurses employed by the Centra Health assisted Nurse Young in the removal of the plaintiff's central venous line.

15. In response to Paragraph 15 of the plaintiff's Complaint Defendants affirm that at all times pertinent to this case, they, and each of them, conformed to the appropriate standards of care under the circumstances of this case.

16. The allegations contained in Paragraph 16 of the plaintiff's Complaint are denied.

17. The allegations contained in Paragraph 17 of the plaintiff's Complaint are denied.

18. The allegations contained in Paragraph 18 of the plaintiff's Complaint are denied.

19. The allegations contained in Paragraph 19 of the plaintiff's Complaint are denied.

20. The allegations contained in Paragraph 20 of the plaintiff's Complaint are admitted to the extent that they are consistent with the medical records documenting the plaintiff's care and treatment.

21. The allegations contained in Paragraph 21 of the plaintiff's Complaint are admitted to the extent they are consistent with the plaintiff's medical records.

22. The allegations contained in Paragraph 22 of the plaintiff's Complaint are admitted to the extent consistent with the plaintiff's medical records.

23. The allegations contained in Paragraph 23 of the plaintiff's Complaint are admitted to the extent consistent with the plaintiff's medical records.

24. It is admitted that the plaintiff was transferred to the University of Virginia Medical Center. The reasons for the transfer are admitted only to the extent consistent with the plaintiff's medical records, otherwise they are denied.

25. The allegations contained in Paragraph 25 of the plaintiff's Complaint are denied and the plaintiff is called upon to provide strict proof thereof.

26. The allegations contained in Paragraph 26 of the plaintiff's Complaint are denied and the plaintiff is called upon to provide strict proof thereof.

27. The allegations contained in Paragraph 27 of the plaintiff's Complaint are admitted.

28. The allegations contained in Paragraph 28 of the plaintiff's Complaint are legal conclusions and do not call for a response by the defendants. Further, it is denied that the plaintiff's injuries were caused by the defendants.

29. The allegations contained in Paragraph 29 of the plaintiff's Complaint are denied.

30. The allegations contained in Paragraph 30 of the plaintiff's Company are denied and the plaintiff is called upon to provide strict proof thereof.

31. These defendants deny all the allegations not specifically admitted herein.

32. These defendants specifically deny that the plaintiff is entitled to the relief requested in the final, unnumbered paragraph of the Complaint.

33. These defendants reserve the right to rely upon all other defenses as are developed through discovery or are proved at trial and move the Court for leave to amend this Answer to assert any special defense.

34. These defendants deny that they of anyone for whom at law they would be responsible, have breached or violated any duty owing to the plaintiff or have been guilty of any negligence whatsoever.

35. These defendants deny that any act or omission on their part, or on the part of anyone for whom at law they would be responsible, was the proximate cause of any injury or damage to the plaintiff.

36. These defendants deny that they, or anyone for whom at law they would be responsible, are obligated to the plaintiff in any amount or for any cause whatsoever.

37. These defendants reserve their right to amend their Answer should further information come to their attention during the discovery process or the trial of this action.

WHEREFORE, defendants Centra Health, Inc., Virginia Baptist Hospital, Brenda Young and Cynthia Abbott move this Honorable Court for an entry of an Order dismissing the Complaint filed against them and for an award of attorney fees and costs.

                                            CENTRA HEALTH, INC.,
                                            VIRGINIA BAPTIST HOSPTIAL
                                            BRENDA M. YOUNG

                                            By Counsel

*/s/ L. Thompson Hanes*
L. Thompson Hanes (VSB No. 20003)
Sands Anderson PC
801 E. Main Street, Suite 1800
P. O. Box 1998
Richmond, VA 23218-1998
Phone (804) 648-1636
Facsimile (804) 783-7291
**Counsel for Defendants**

## CERTIFICATE

I HEREBY CERTIFY that on ____ day of July, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sidney H. Kirstein, Esquire
819 Main Street
P.O. Box 8
Lynchburg, VA  24505


_____
L. Thompson Hanes